ALBERT PECH v. STATE.

No. 2319.   Decided March 5, 1913.

1.—Theft of Mules—Practice on Appeal—Sufficiency of the Evidence.

In the absence of bills of exception to the admission of testimony and objections to the refusal of requested charges, these matters cannot be reviewed, and the evidence supporting the conviction, there is no error.

2.—Same—Charge of Court—Bailment—Venue—Words and Phrases.

Upon trial of theft of mules as bailee, where the court properly charged that if the defendant obtained possession then and there and fraudulently converted same, etc., to find him guilty, there was no reversible error on the ground that the words, "then and there," did not sufficiently instruct the jury on the venue of the case.

3.—Same—Charge of Court—Bailment.

Where defendant was charged with theft of mules under bailment and contended that he had not sold the mules, but left them in charge of another for the owner, and this issue was fairly submitted to the jury who found adversely to defendant, there was no error.

4.—Same—Newly Discovered Evidence.

Where, upon trial of theft of mules under bailment, the conviction was amply supported by defendant's confession and other testimony, there was no error in overruling a motion for new trial on the ground of newly discovered evidence, where the record showed a want of diligence to obtain this testimony and that besides, it was not probably true.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson.

Appeal from a conviction of theft of mules; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the theft of two mules, and his punishment assessed at two years confinement in the State penitentiary.

There are no bills of exception in the record to the admissibility, or rejection of any testimony, and no special charges requested. The testimony fully supporting the verdict, the only questions to be reviewed are the complaints of the charge of the court as given.

The court charged the jury that if appellant obtained the possession of the mules in Bell County, and *did then and there* fraudulently convert same to his own benefit without the consent of the owner, he would be guilty. As this is a prosecution for theft by bailee, appellant contends that the use of the words "then and there" did not sufficiently inform the jury that before appellant could have been convicted he must have conceived the fraudulent intent to convert the mules to his own use in Bell County. The criticism is without merit. No other construction can be given the language used by the court than that it instructs the jury the conversion must have taken place in Bell County.

Defendant's whole defense on the trial was that he did not convert the mules to his own use, and had not sold them, but left them with Mr. John Smith to be kept until the owner should call for them. This issue was fairly and in appropriate language submitted to the jury, and they were told 'if they so believed from the evidence or had a reasonable doubt thereof, they would acquit defendant. The jury found adversely to this contention, and it is not surprising that they did do so when we read the confession of defendant made shortly after his arrest, together with the other testimony offered in behalf of the State.

The contention in the motion for new trial that if Mr. Smith had been in attendance on court, he would have supported appellant's testimony, that he had not sold the mules, presents no ground for a new trial. Appellant was arrested on the indictment in March, he was released on bond; the case was not tried until the following July, yet appellant had made no application to have Smith summoned, and made no motion to postpone, or continue the case on account of his absence. Under such circumstances, the confession of defendant, and the testimony of Mr. Osburn and others, the court could reasonably conclude that if Mr. Smith was present he would not so testify, and if he did it would not be probably true. At any rate, no diligence was used to secure the witnesses, and it could not have been newly discovered evidence, for if Smith knew these facts, it was as well known to defendant when he was arrested in March as it was in July after the trial and verdict.

The judgment is affirmed.

*Affirmed.*